Pearson, J.
 

 By the judgment, at the Fall Term, 1850, .of Stanly Superior Court, the Clerk was directed to .tax costs in respect of no other witnesses, except those named. He departed from the order, and taxed costs in respect of certain other witnesses for attendance up to the time of the, trial in Montgomery, Spring Term, 1849, under the impression, that an order made at that term, allowing costs in respect of a larger number of witnesses, was still in force, and had the effect of qualifying to some' extent the order which formed a part of the judgment under which he was acting.
 

 The Judge, in the Court below, adopted this view, and refused the motion for a retaxation. In this, there is error. The order made in Montgomery was an incident or rather a part of the judgment, which, on appeal, was set aside. 1 he question of costs, as well as the rights of the parties, was decided by the judgment in Stanly.
 

 The defendant, by his appeal, established that the Judge who tried the case in Montgomery, took añ erroneous view of it, and the effect of the
 
 venire "de novo
 
 was not merely
 
 *18
 
 to relieve from the direct consequence of the error in its bearing upon the results of the case, but also from its indirect consequence in its influence upon the question of costs.
 

 In other words, the order of the Judge, who determined the case, and who was in no error, is decisive as to the question of costs, because it is a part of the judgment. The position, that it is to be qualified and restricted, “ so as tt> make the two stand together,” by an order of. a Judge, who was in error, and' whose decision was reversed, is untenable.
 

 The judgment refusing the motion for a retaxation must be reversed and the motion allowed. This opinion will be certified.
 

 Per Curiam. Ordered accordingly.